Lucas McArdle, Esq.
McArdle Law & Associates, PLLC
280 Merrimack Street, Suite 321
Lawrence, MA 01843

*Attorney for Plaintiff,*
*Cape Life Brand Company, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| CAPE LIFE BRAND COMPANY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO.** |
| v. | ) | |
| | ) | |
| CAPE LIFE GIFTS INC. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Cape Life Brand Company, LLC, by its undersigned attorney, Lucas McArdle,

submits this Complaint against Defendant, Cape Life Gifts Inc. for willful trademark

infringement, unfair competition, false designation, dilution of protected marks/goods, injury to

business reputation, and false and deceptive business practices, all in violation of the laws of the

United States and the Commonwealth of Massachusetts. Plaintiff seeks a permanent injunction,

together with damages, including the profits of Cape Life Gifts Inc., trebled damages, punitive

damages, attorneys fees and costs and related relief as more fully described herein.

**PARTIES**

1. Plaintiff, Cape Life Brand Company, LLC, ("Plaintiff" of "CLBC") is a duly registered Massachusetts limited liability company with a principal business address of 54 Sugar Hill Drive, Harwich, MA 02654.

2. Upon information and belief, Defendant, Cape Life Gifts Inc. ("Defendant" or "CLG"), is a duly registered Massachusetts corporation with a location and principal business address of 337 Main Street, Harwich Port, MA 02646.

**JURSIDICTION**

1. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, sections 1332(a), 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. § 1338(a) and § 1338(b). This Court has subject matter jurisdiction over the non-federal claims asserted herein pursuant to section 1367 of the Judicial Code, 28 U.S.C. § 1367(a), which provides supplemental jurisdiction.

2. Personal jurisdiction over Defendant is proper because Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's trademark infringement, unfair competition, and deceptive trade practices, which cause harm in this state and in this judicial district.

3. Venue properly lies in the judicial district under sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (d), because a substantial portion of the events at issue have arisen and/or will arise in this judicial district and because this Court has personal jurisdiction over Defendant. In a trademark infringement lawsuit, a substantial part of the events giving rise to the claim occurs in any district in which consumers are likely to be

confused by the infringing goods or services, whether that occurs in one district or many districts.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

4. CLBC is an apparel and general brand company that duly established its company in April of 2015.

5. CLBC provides e-commerce services through its website at www.capelifebrand.com[1] at a national level but the local Cape Cod, Massachusetts region is its core market where CLBC sells its products through third party retail shops/vendors, at various Cape Cod community events/festivals and via its commercial mobile merchandise bus.

6. Defendant, Cape Life Gifts Inc., is a gift shop that sells furniture, jewelry, beach items, gifts, clothing, decorations, souvenirs and other items that are displayed on its website https://www.capelifegifts.com/.

7. On understanding and belief, Defendant, prior to the time period subject to this claim, has been solely a gift shop that sells third-party products within its shop, specifically promoting clothing brands on its website such as Salty Dog, Salt Life, MV Sports and Legacy Hats, and also selling general clothing with "Cape Cod", "Harwichport" or similar unprotected geographic marks.

8. CLBC and Defendant's consumer bases both predominantly consist of Cape Cod travelers/vacationers and local constituents.

9. The Cape Cod clothing retail and apparel companies consist of a tight-knit community of businesspersons that are very familiar with each other's brands and that community is very familiar with CLBC's marks and brand.

---

[1] See Exhibit A for CLBC example web-site page

10. On May 12, 2015, CLBC trademarked the term/words "Cape Life Brand Company" in Massachusetts for Class 21 and 25 goods, including but not limited to t-shirts, sweatshirts, tank tops, wine glasses, pint glasses, shot glasses, koozies, sticker/decals, hats and beach towels[2], which was renewed on May 11, 2020[3].

11. On July 9, 2020, CLBC further trademarked the term/words "Cape Life" in Massachusetts similarly under Class 21 and 25[4].

12. CLBC also owns Massachusetts trademark rights for "Cape Life Kid", "Entering Cape Life" and "That's Cape Life"[5].

13. On July 1, 2019, CLBC filed for federal trademark protection with the United States Patent and Trademark Office ("USPTO") for Cape Life Brand Company's stylized mark, which was registered on October 6, 2020[6].

14. On June 14, 2020, CLBC filed for federal trademark protection with the USPTO for the term/words "Cape Life", which was published for opposition on October 27, 2020, and subsequently registered on January 12, 2021[7].

15. The "Cape Life" words/term is and has always been the basis for CLBC's brand and the marketing of its products and CLBC was the first company to introduce and utilize the term in marketing and selling its products and in general commerce on Cape Cod.

16. On June 17, 2021, service of a CLBC Cease & Desist letter/demand ("C&D") was made on Defendant's Agent for Service, Arthur Wright, in hand[8].

---

[2] See Exhibit A – MA Registration Number 80801
[3] See Exhibit A – MA Registration Number 89097
[4] See Exhibit B – MA Registration Number 89313
[5] See Exhibit G
[6] See Exhibit C – U.S. Registration Number 6166932
[7] See Exhibit D – U.S. Registration Number 6244124
[8] See Exhibit E C&D letter

17. As set forth in said C&D, CLBC approached Defendant during early summer of 2020 to inquire as to whether Defendant would be interested in selling CLBC apparel in Defendant's store.

18. Defendant had no apparel or items otherwise for sale that utilized the term "Cape Life" at that time nor any time prior to the inquiry during the summer of 2020.

19. Defendant declined the offer from CLBC.

20. In early June of 2021, CLBC was notified that Defendant had copied and developed a specific "Cape Life" apparel line[9] – even utilizing a cursive "Cape Life" mark on some of the items that is strikingly similar to CLBC's "Cape Life" mark within its "Cape Life Brand Company" logo and that utilized on all of its apparel and as registered with the USPTO. (Defendant's mark hereinafter referred to as "Infringing Mark").

21. On understanding and belief Defendant is also utilizing and/or selling Stickers that also contain the words/term "Cape Life" without "Gifts" or any other distinguishing characteristics.

22. CLBC was and continues to be contacted by consumers that mistakenly assume that the Infringing Mark in Defendant's store were/are in fact apparel manufactured and/or sold by CLBC – mark/brand confusion has already occurred.

23. Defendant intentionally utilized the Infringing Mark and is benefitting from CLBC's marks, brand recognition and exhaustive marketing efforts.

24. The quality of Defendant's Infringing Mark is also inferior to and cheaper than that of CLBC's and is therefore undermining and devaluing CLBC's quality control and pricing.

---

[9] See Exhibit F for examples of the clothes being sold in Defendant's store

25. Defendant has refused to abide by the C&D demand and continues to utilize the Infringing Mark on apparel sold in its store and potentially online or elsewhere.

26. Defendant was on direct notice of CLBC's business and products prior to developing the Infringing Mark and has intentionally and willfully infringed on CLBC's exclusive and established rights to market and sell "Cape Life" designated apparel – even after said demand to cease and desist use of the Infringing Mark.

## <u>COUNT I</u>
**(Trademark Infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114 and under Common Law)**

27. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

28. Defendant's use of the Infringing Mark to sell, distribute, advertise and offer to sell apparel without CLBC's consent is deceptive and causing confusion.

29. The "Cape Life Brand Company" mark and the "Cape Life" mark are entitled to protection pursuant to said state and federal trademark registrations, together with further common law protections.

30. Upon information and belief, Defendant's infringement of CLBC's mark(s) is willful and reflects Defendant's intent to trade on the goodwill of the same.

31. Plaintiff has been damages by the unauthorized use of the Infringing Mark by Defendant in an amount to be determined at trial.

32. Upon information and belief, Defendants' infringing actions will continue unless enjoined by this Court.

33. Plaintiff has no adequate remedy at law and will suffer irreparable harm to its business, reputation, and goodwill unless Defendant's unlawful conduct is enjoined by this Court.

## COUNT II:
### (False Designation under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) and under Common Law)

34. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

35. Defendant's sale, distribution, advertising and offer to sell apparel/products utilizing the Infringing Mark constitutes a false designation of origin, suggesting to consumers that Defendant is associated or affiliated with Plaintiff.

36. Upon information and belief, Defendant's false designation of origin has been made in connection with services/goods from which it makes a profit.

37. Defendant's false designation of origin has and is likely to continue to cause confusion, mistake, or deception as to the origin, sponsorship, or approval by Plaintiff of the apparel/products provided by Defendant under the Infringing Mark.

38. Upon information and belief, Defendant's false designation of origin is willful and reflects Defendant's intent to trade on the goodwill of the same.

39. Defendant's false designation of origin has damaged Plaintiff in an amount to be determined at trial.

40. Upon information and belief, Defendant's infringing actions will continue unless enjoined by this Court.

41. Plaintiff has no adequate remedy at law and will suffer irreparable harm to its business, reputation, and goodwill unless Defendant's unlawful conduct is enjoined by this Court.

## COUNT III:
## (Unfair and Deceptive Trade Practices under M.G.L. c. 93A)

42. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

43. Defendant is, and at all relevant times has been, engaged in commerce.

44. Defendant has provided services/goods and, on information and belief, continues to provide services/goods under the Infringing Mark primarily and substantially within the Commonwealth of Massachusetts and Cape Cod specifically.

45. By the above-described conduct, Defendant engaged in unfair or deceptive trade practices in violation of Mass. Gen. Laws Ch. 93A.

46. Defendant's unfair and deceptive trade practices have been willful and knowing.

47. Defendant's conduct has damaged Plaintiff in an amount to be determined at trial.

## COUNT IV:
## (Dilution of Plaintiff's Marks and Injuries to Business Reputation under M.G.L. c. 110H)

48. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

49. By the above-described conduct, Defendant has engaged in trademark dilution and caused injury to Plaintiff's business reputation in violation of Massachusetts General Laws Chapter 110H.

50. Plaintiff has been injured by said conduct and are entitled to injunctive relief.

## COUNT V:
## (Common Law Unfair Competition)

51. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs as if fully set forth herein.

8

52. By the above-described conduct, Defendant has engaged in unfair competition under common law.

53. Plaintiff has been damaged by such conduct in an amount to be determined at trial.

54. Unless stopped by an injunction, Defendant's behavior will continue and will cause Plaintiff to suffer irreparable harm for which there is no adequate remedy at law. Therefore, Plaintiff is entitled to injunctive relief, together with damages for such conduct.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that the Court enter judgment on each Count set forth above and against Defendant as follows:

1. Awarding Plaintiff actual damages in an amount to be determined at trial;

2. Awarding Plaintiff exemplary and punitive damages against Defendant, in an amount to be determined at trial;

3. Ordering an accounting by Defendant and Awarding Plaintiff the amount of any profits realized by Defendant by reason of Defendant's unlawful and willful acts as set forth herein;

4. Awarding Plaintiff double or treble damages in an amount to be determined at trial;

5. Awarding Plaintiff its reasonable litigation expenses and attorney's fees;

6. Awarding Plaintiff pre- and post-judgment interest;

7. Ordering a permanent injunction enjoining Defendant, and any successors or assigns, and its principals, officers, partners, agents, subcontractors, servants, employees, attorneys, affiliates, licensees, subsidiaries and related companies or

entities, and all others acting in active concert or participation with it from utilizing the words/term/mark "Cape Life" on its apparel whatsoever or marketing the same for sale; immediately removing said apparel from in store sale displays and for sale otherwise; from use on stickers, other general products and marketing materials that do not contain the distinguishing feature of "Gifts" and its known business as a gift shop; and from otherwise competing unfairly with Plaintiff in any manner related to the term "Cape Life".

8. Ordering the destruction of any printed apparel and products specifically set forth in the above paragraph, including advertising materials and point-of-sale displays.

9. Ordering Defendant to file with the Court and serve upon Plaintiff within thirty (30) days after service of the injunction upon Defendant, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

10. For such other and further relief as the Court shall deem appropriate.

### <u>Plaintiff Requests a Trial by Jury On All Matters So Triable</u>

Respectfully submitted,
Cape Life Brand Company, LLC,
By its attorney,

August 3, 2021

/s/ *Lucas B. McArdle*
Lucas B. McArdle BBO # 694285
McArdle Law & Associates, PLLC
280 Merrimack Street, Suite 321
Lawrence, MA 01843
T: (978) 681-5150
F: (978) 681-5152
Luke@McArdleLaw.com