UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CAPE LIFE BRAND COMPANY, LLC
  Plaintiff

v.

CAPE LIFE GIFTS, INC.
  Defendant

Civil Action No.: 1:21-cv-11256-IT

# **ANSWER AND COUNTERCLAIM**

Defendant, Cape Life Gifts, Inc. ("defendant"), answers the Complaint of the plaintiff, Cape Life Brand Company, LLC ("plaintiff") as follows:

## PARTIES

1. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1.

2. Admitted.

## JURISDICTION

1. Paragraph 1 contains conclusion of law as to which no response is required. To the extent an answer is required, the allegations of Paragraph 1 are admitted.

2. Paragraph 2 contains conclusions of law as to which no response is required. To the extent an answer is required, Defendant admits that it is doing business in the Commonwealth of Massachusetts, denies that it has committed torts in the Commonwealth, and denies the remaining allegations of Paragraph 2.

3. Paragraph 3 contains conclusions of law as to which no response is required.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

4. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4.

5. Admitted.

6. Denied.

7. Admitted.

8. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 as they pertain to plaintiff, but admits that its consumer base predominantly consists of travelers/vacationers to Cape Cod and local constituents.

9. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9.

10. Defendant admits that plaintiff obtained a Massachusetts trademark (Registration No. 80801) for the mark "Cape Life Brand Company" in Classes 21 and 25 for "t-shirts, sweatshirts, tank tops, wine glasses, pint glasses, shot glasses, [and] cozzies etc." on May 12, 2015, with a first date of use anywhere and in Massachusetts of April 17, 2015, that the mark was renewed on May 11, 2020, and that Exhibit A to plaintiff's Complaint appears to be a copy of such registration. Except as expressly admitted, the allegations of Paragraph 10 are denied.

11. Defendant admits that plaintiff obtained a Massachusetts trademark (Registration No. 89313) for the mark "Cape Life" in Classes 21 and 25 for "short-sleeved shirts, long-sleeved shirts, sweatshirts, tank tops, wine glasses, pint glasses, coozies, stickers/decals, hats, beach towels, and blankets." on July 9, 2020, with a first date of use anywhere and in Massachusetts of April 17, 2015, and that Exhibit A to plaintiff's Complaint appears to include a copy of such registration. Except as expressly admitted, the allegations of Paragraph 11 are denied.

12. Defendant admits that plaintiff obtained Massachusetts trademarks for Cape Life Kid (Registration No. 89215), Entering Cape Life (Registration No. 89187), and That's Cape Life (Registration No. 80800) between May 12, 2015 and June 13, 2020 in Classes 21 and 25 for t-shirts, sweatshirts, tank tops, wine glasses, pint glasses, shot glasses, coozies etc., with dates of first use anywhere and in Massachusetts of May 29, 2020 for Cape Life Kid and Entering Cape Life, and April 17, 2015 for That's Cape Life. Except as expressly admitted, the allegations of Paragraph 12 are denied.

13. Defendant admits that plaintiff applied for federal trademark protection for the composite mark "Cape Life Brand Company" on July 6, 2019, and that the mark was registered on the United States Patent & Trademark Office's Principal Register on October 6, 2020. Except as expressly admitted, the allegations of Paragraph 13 are denied.

14. Defendant admits that plaintiff applied for federal trademark protection for the word mark "Cape Life" on June 14, 2020, that the application was published for opposition on October 27, 2020, and that the mark was registered on the United States Patent & Trademark Office's Principal Register on January 12, 2021, and that Exhibit D to plaintiff's Complaint appears to be a copy of such registration certificate. Except as expressly admitted, the allegations of Paragraph 14 are denied.

15. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegation that the Cape Life mark "is and has always been the basis for [plaintiff]'s brand and marketing of its products but denies the allegation that the plaintiff was the "first company to introduce and utilize the term in marketing and selling its products and in general commerce on Cape Cod."

16. Admitted.

17. Admitted.

18. Denied.

19. Admitted.

20. Denied.

21. Admitted.

22. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22.

23. Denied.

24. Denied.

25. Defendant admits that it did not cease and desist the sale of merchandize displaying the Cape Life mark on apparel but denies that such use is infringing and denies the remaining allegations of Paragraph 25.

26. Denied.

## COUNT I

27. Defendant repeats and realleges its answers to Paragraphs 1 through 26 of the Complaint as if fully restated herein.

28. Denied.

29. Paragraph 29 sets forth conclusions of law as to which no response is required. To the extent an answer is required, the allegations of Paragraph 29 are denied.

30. Denied.

31. Denied.

32. Denied.

33. Paragraph 33 contains conclusions of law to which no answer is required. To the extent an answer is required, the allegations of Paragraph 33 are denied.

## COUNT II

34. Defendant repeats and realleges her answers to Paragraphs 1 through 33 of the Complaint as if fully restated herein.

35. Paragraph 35 contains conclusions of law to which no answer is required. To the extent an answer is required, the allegations of Paragraph 35 are denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Paragraph 41 contains conclusions of law to which no answer is required. To the extent an answer is required, the allegations of Paragraph 41 are denied.

## COUNT III

42. Defendant repeats and realleges her answers to Paragraphs 1 through 41 of the Complaint as if fully restated herein.

43. Admitted.

44. Defendant admits that it provides services/goods substantially within the Commonwealth of Massachusetts. Except as expressly admitted, the allegations of Paragraph 44 are denied.

45. Paragraph 45 is a conclusion of law as to which no response is required. To the extent an answer is required, the allegations of Paragraph 45 are denied.

46. Denied.

47. Denied.

## COUNT IV

48. Defendant repeats and realleges its answers to Paragraphs 1 through 47 of the Complaint as if fully restated herein.

49. Paragraph 49 contains conclusions of law to which no answer is required. To the extent an answer is required, the allegations of Paragraph 49 are denied.

50. Denied.

## COUNT V

51. Defendant repeats and realleges her answers to Paragraphs 1 through 50 of the Complaint as if fully restated herein.

52. Paragraph 52 contains conclusions of law to which no answer is required. To the extent an answer is required, the allegations of Paragraph 52 are denied.

53. Denied.

54. Paragraph 54 is a conclusion of law as to which no response is required. To the extent an answer is required, the allegations of Paragraph 54 are denied.

55. Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 55.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred by the applicable statute of limitations.

### THIRD AFFIMATIVE DEFENSE

The plaintiff's claims are barred under the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred under the equitable doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is entitled to a "limited area" defense or exception to the incontestability of the plaintiff's use of the Cape Life family of trademarks under 15 U.S.C. §1115(b)(5).

WHEREFORE, defendant Cape Life Gifts, Inc. requests that the Complaint be dismissed with prejudice and with costs.

### COUNTERCLAIM

This is an action by Cape Life Gifts, Inc ("Cape Life Gifts") against Cape Life Brand Company, LLC ("Cape Life Brand") for common law trade name infringement under the Lanham Act; for injunctive relief, treble damages, and attorney's fees for willful unfair competition under M.G.L. c.93A, §11; for injunctive relief based on likelihood of injury to business reputation and dilution of the distinctive quality of the Cape Life Gift trade name under M.G.L. c.110H, §13; for injunctive relief under M.G.L. c.155, §9; and for a declaration regarding the rights of the parties to use the Cape Life trade name and trademark under M.G.L. c.231, §1.

### PARTIES

1.  Defendant and plaintiff-in-counterclaim Cape Life Gifts, Inc. is a Massachusetts corporation with a principal place of business at 337 Main Street, Harwich Port, Massachusetts 02646.

2. Plaintiff and defendant-in-counterclaim Cape Life Brand Company, LLC is a Massachusetts limited liability company with a principal place of business at 54 Sugar Hill Drive, Harwich, Massachusetts 02654.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction for Cape Life Gifts' federal claims under Section 39 of the Lanham Act, 15 U.S.C. §1121(a) and 28 U.S.C §§ 1332(a), 1338(a) and 1338(b), and subject matter jurisdiction over Cape Life Gifts' state law claims pursuant to 28 U.S.C. §1367(a).

4. Personal jurisdiction over Cape Life Brand is proper because Cape Life Brand is conducting business in this judicial district and, by infringing on Cape Life Gifts' common law trademark and engaging in unfair competition, has injured Cape Life Gifts in this state and in this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (d) because a substantial portion of the events at issue under the Counterclaim have arising and/or will arise in this judicial district and because the Court has personal jurisdiction over defendant-in-counterclaim.

## FACTS

6. On May 20, 2013, Cape Life Gifts formed a Massachusetts for-profit corporation under the name "Cape Life Gifts, Inc." A true and correct copy of the Business Entity Summary for Cape Life Gifts, Inc. from the website of the Secretary of State of the Commonwealth is attached as **Exhibit A**.

7. Since its incorporation, Cape Life Gifts has operated a retail bricks and mortar gift store on Route 28 in Harwich, Massachusetts selling a wide variety of merchandise, including

but not limited to clothing, glassware, and bumper stickers, some of which are displayed on its website at www.capelifegifts.com.

8. Since at least as early as 2013, and on a continuous basis since that time, Cape Life Gifts has sold t-shirts, hats, bumper stickers and glassware under the common law trademark "Cape Life."

9. As a result of more than eight years of continuous operation, a distinctive association has been created in the minds of the consuming public between the trade name "Cape Life Gifts" and the trademark "Cape Life" on the one hand and Cape Life Gifts, Inc. on the other.

10. In May 2015, Cape Life Brand incorporated a limited liability company with the Massachusetts Secretary of State under the name of Cape Life Brand Company, LLC. A true and correct copy of the Business Entity Summary for Cape Life Brand Company, LLC. from the website of the Secretary of State of the Commonwealth is attached as **Exhibit B**.

11. On information and belief, in April 2015, Cape Life Brand began doing business through its website at www.capelifebrand.com and on Cape Cod through third-party retail shops/vendors, at various Cape Cod community events/festivals and via its commercial mobile merchandise bus, and began using the "Cape Life" trademark, or variations of that mark, on t-shirts, sweatshirts, bumper stickers and glassware.

12. Cape Life Brand's use of the Cape Life trademark in connection with its business conveys to consumers the same dominant commercial impression as Cape Life Gifts' trade name and Cape Life trademark.

13. A Google search query using the search phrase "Cape Life" yields a results list in which Cape Life Brand and Cape Life Gifts appear in close proximity. A true and correct copy of the top of the first page of the Google search results for "Cape Life" is attached as **Exhibit C.**

COUNT I

COMMON LAW TRADEMARK INFRINGEMENT

14. Cape Life Gifts incorporates and realleges, as if fully set forth in this paragraph, the allegations of the paragraphs 1 through 13.

15. Cape Life Brand's use of the Cape Life trademark infringes on Cape Life Gift's right acquired at common law to use the Cape Life trademark in connection with the sale of t-shirts, hats, glassware, and bumper stickers, which use began prior to the date of registration by Cape Life Brand's of such mark on the Principal Register of the United States Patent & Trademark Office.

16. Cape Life Gifts is entitled to the exclusive use of the Cape Life trademark in connection with the sale of t-shirts, hats, glassware, and bumper stickers on Cape Cod, as its use began prior to Cape Life Brand's adoption of the same or a confusingly similar trademark.

COUNT II

(COMMON LAW TRADE NAME INFRINGEMENT)

17. Cape Life Gifts incorporates and realleges, as if fully set forth in this paragraph, the allegations of the paragraphs 1 through 16 .

18. The Cape Life Gifts trade name, as more fully described above, is a well-established mark which serves to identify the goods and services sponsored, approved by, authorized by, associated with, or affiliated exclusively with Cape Life Gifts' retail store in Harwich, Massachusetts.

19. The Cape Life Gifts trade name has acquired distinctiveness and secondary meaning in connection with retail gift store services on Cape Cod.

20. Cape Life Brand has misappropriated Cape Life Gift's established trade name and infringed upon such trade name in violation of its common law rights.

21. The infringing acts committed by Cape Life Brand were committed with knowledge that such misappropriation would cause confusion, and, unless enjoined, will continue to cause irreparable damage to Cape Life Gifts.

## COUNT III

### (TRADEMARK DILUTION UNDER M.G.L. c.110H, §13)

22. Cape Life Gifts incorporates and realleges, as if fully set forth in this paragraph, the allegations of Paragraphs 1 through 21.

23. Cape Life Gifts is a trade name valid at common law.

24. Cape Life Brand's continued use of its corporate name, Cape Life Brand Company, LLC, in connection with its business is likely to injure the reputation of Cape Life Gifts' business and/or dilute the distinctive quality of the Cape Life Gifts trade name in violation of M.G.L. c.110H, §13, and has caused and will continue to cause irreparable harm to Cape Life Gifts unless and until temporarily, preliminarily, and thereafter permanently enjoined by this Court. Cape Life Gifts has no adequate remedy at law.

## COUNT IV

### (VIOLATION OF M.G.L. c.93A, §11)

25. Cape Life Gifts incorporates and realleges, as if fully set forth in this Paragraph, the allegations of paragraphs 1 to 24 above.

26. At all relevant times, Cape Life Brand has been engaged in the conduct of trade or commerce.

27. The actions of Cape Life Brand constitute unfair and/or deceptive acts or practices and willful and knowing violations of M.G.L. c.93A, §§ 2 and 11.

28. Cape Life Gifts has suffered a loss of money or property as a direct and proximate result of Cape Life Brand's unfair and/or deceptive acts or practices.

## COUNT V

### (VIOLATION OF M.G.L. c.155, §9)

29. Cape Life Gifts incorporates and realleges, as if fully set forth in this Paragraph, the allegations of paragraphs 1 to 28 above.

30. Cape Life Brand has assumed a trade name (Cape Life Brand) so similar to the existing trade name of Cape Life Gift's business as to be likely to be mistaken for Cape Life Gift's business.

31. Cape Life Brand has assumed the trade name of Cape Life Gift's business without its written consent.

32. Cape Life Gifts is an interested business affected by Cape Life Brand's assumption of a trade name so similar to its trade name as to confer on the Court the power to enjoin Cape Life Brand from doing business under the Cape Life Brand name, notwithstanding that the Certificate of Organization for Cape Life Brand Company, LLC was approved by the Secretary of State of the Commonwealth and issued to Cape Life Brand.

## COUNT V

### (DECLARATORY RELIEF UNDER M.G.L. c.231, §1)

33. Cape Life Gifts incorporates and realleges, as if fully set forth in this Paragraph, the allegations of paragraphs 1 to 32 above.

34. As a result of long and continuous use of the trade name "Cape Life Gifts" and the Cape Life trademark, Cape Life Gifts asserts the exclusive right at common law to use such trade name and trademark in connection with the sale of t-shirts, hats, glassware, and bumper stickers on Cape Cod.

35. Cape Life Brand asserts rights allegedly conferred by the Commonwealth of Massachusetts and the United States Patent & Trademark Office to use the "Cape Life Brand Company" trade name and Cape Life trademark, as well as variations of the Cape Life mark, in connection with the advertising, promoting, marketing and sale of merchandise, including t-shirts, sweatshirts, hats, glassware, and bumper stickers.

36. An actual controversy has arisen between the parties concerning their respective rights in the Cape Life trade name and Cape Life trademark and the right of Cape Life Brand to use its corporate name, variations of its corporate name, and/or and the Cape Life mark (and variations thereof) in advertising, marketing, promoting and selling t-shirts, hats, bumper stickers and glassware on Cape Cod.

<u>PRAYERS FOR RELIEF</u>

**WHEREFORE,** plaintiff-in-counterclaim, Cape Life Gifts, Inc., respectfully requests that this Court:

A. Enter judgment declaring that defendant-in-counterclaim, Cape Life Brand Company, LLC, has, without Cape Life Gifts' consent, used a colorable imitation of Cape Life Gifts' trade name in a manner that is likely to cause confusion, or to cause mistake, and/or to

deceive consumers as to the source of merchandise displaying the Cape Life trademark and is therefore liable for common-law trade name infringement;

   B. Issue a preliminary injunction, and thereafter a permanent injunction, under M.G.L. c.110H, §13 ordering defendant-in-counterclaim, Cape Life Brand Company, LLC, and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, to refrain from using, authorizing or employing the name or mark "Cape Life" or any colorable imitation of the "Cape Life" trade name or trademark, including without limitation, the corporate name, "Cape Life Brand Company, LLC", because of the likelihood of injury to the business reputation or of the dilution of the distinctive quality of plaintiff-in-counterclaim's "Cape Life Gifts" trade name, and to file with the court and serve on Cape Life Gifts within thirty (30) days of service on Cape Life Brand of such injunction a report in writing under oath setting forth in detail the manner and form in which Cape Life Brand have complied with the injunction;

   C. Issue a preliminary injunction, and thereafter a permanent injunction, under M.G.L. c.155, §9 enjoining Cape Life Brand Company, LLC., and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert with them, from doing business under the trade name "Cape Life Brand Company," and to serve on Cape Life Gifts within thirty (30) days of service on Cape Life Brand of such injunction a report in writing under oath setting forth in detail the manner and form in which Cape Life Brand has complied with the injunction

   D. Enter judgment declaring that Cape Life Brands has engaged in unfair and/or deceptive trade practices in willful and knowing violation of M.G.L. c.93A, §11;

E. Award Cape Life Gifts three times the actual damages it has suffered as a result of Cape Life Brand's willful and knowing violations of M.G.L. c.93A, §11, plus reasonable attorney's fees;

F. Declare and adjudge that Cape Life Gifts has the exclusive right to use of the "Cape Life" trade name and trademark, and that, conversely, Cape Life Brand has no right to use its corporate name, "Cape Life Brand Company" or its registered Cape Life trademark in connection with its business and the sale or offering for sale of t-shirts, sweatshirts, hats, glassware, and bumper stickers on Cape Cod;

G. Award Cape Life Gifts the costs of this action; and/or;

H. Such other and further relief as this Court deems appropriate.

CAPE LIFE GIFTS, INC.
Defendant and Plaintiff-in-Counterclaim

By its attorney,

*/s/ Lindsey M. Straus /s/*
Lindsey M. Straus
BBO # 554181
Law Office of Lindsey M. Straus
110 Court Way
Brewster, MA 02631
lstraus@lindseystrauslaw.com
(508) 896-8008

CERTIFICATE OF SERVICE

I, Lindsey M. Straus, hereby certify that this document, filed through the ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 7, 2021.

*/s/ Lindsey M. Straus /s/*
Lindsey M. Straus