UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CAPE LIFE BRAND COMPANY, LLC

  Plaintiff ("Counter-Defendant")

      v.                                              Civil Action No.: 1:21-cv-11256-IT

CAPE LIFE GIFTS INC.

  Defendant ("Counter-Plaintiff")

## ANSWER TO COUNTERCLAIM

Plaintiff and Defendant in Counterclaim, Cape Life Brand Company, LLC ("Counter-Defendant"), answers the Counterclaim of the Defendant and Plaintiff in Counterclaim, Cape Life Gifts, Inc. ("Counter-Plaintiff") as follows:

## PARTIES

1.    Counter-Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1.

2.    Admitted.

## JURISDICTION AND VENUE

3.    Paragraph 3 contains conclusions of law as to which no response is required.

4. Counter-Defendant agrees to doing business in this judicial district. Counter-Defendant denies infringing on Counter-Plaintiff's common law trademark, engaging in unfair competition, and injuring Counter-Plaintiff in this judicial district.

5. Paragraph 5 contains conclusions of law as to which no response is required.

6. Counter-Defendant is without information sufficient to form a belief as to the truth or falsity of the claims of Paragraph 6.

7. Counter-Defendant is without information sufficient to form a belief as to the truth or falsity of the claims of Paragraph 7.

8. Counter-Defendant is without information sufficient to form a belief as to the truth or falsity of the claims of Paragraph 8.

9. Denied.

10. Denied.

11. Denied.

12. Counter-Defendant is without information sufficient to form a belief as to the truth or falsity of the claims of Paragraph 12.

13. Counter-Defendant is without information sufficient to form a belief as to the truth or falsity of the claims of Paragraph 13.

## COUNT I

## COMMON LAW TRADEMARK INFRINGEMENT

14.     Counter-Defendant repeats and realleges its answers to Paragraphs 1 through 13 of the Counterclaim as if fully restated herein.

15.     Denied.

16.     Denied.

## COUNT II

## (COMMON LAW TRADE NAME INFRINGEMENT)

17.     Counter-Defendant repeats and realleges its answers to Paragraphs 1 through 16 of the Counterclaim as if fully restated herein.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

## COUNT III

## (TRADEMARK DILUTION UNDER M.G.L. c.110H, §13)

22.     Counter-Defendant repeats and realleges its answers to Paragraphs 1 through 21 of the Counterclaim as if fully restated herein.

23. Counter-Defendant is without information sufficient to form a belief as to the truth or falsity of the claims of Paragraph 23.

24. Denied.

### COUNT IV

### (VIOLATION OF M.G.L. c.93A, §11)

25. Counter-Defendant repeats and realleges its answers to Paragraphs 1 through 24 of the Counterclaim as if fully restated herein.

26. Admitted.

27. Denied.

28. Denied.

### COUNT V

### (VIOLATION OF M.G.L. c.144, §9)

29. Counter-Defendant repeats and realleges its answers to Paragraphs 1 through 28 of the Counterclaim as if fully restated herein.

30. Denied.

31. Denied.

32. Denied.

## COUNT VI

(Counter-Defendant interprets Counter-Plaintiff's second Count V as Count VI)

### (DECLARATORY RELIEF UNDER M.G.L. c.231, §1)

33. Counter-Defendant repeats and realleges its answers to Paragraphs 1 through 32 of the Counterclaim as if fully restated herein.

34. Denied.

35. Admitted.

36. Admitted.

## DEFENSES

By way of further answer and as defenses, Counter-Defendant denies that it is liable to Counter-Plaintiff on any of the claims alleged and denies that Counter-Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest, or to any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

Counter-Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Counter-Plaintiff's claims against Counter-Defendant are barred, in whole or in part, by the equitable doctrine of acquiescence, based on Counter-Plaintiff's conduct regarding Counter-Defendant's use of the allegedly infringing mark, which conduct was prejudicial to Counter-Defendant.

### THIRD AFFIRMATIVE DEFENSE

Counter-Plaintiff's unreasonable delay in challenging the alleged infringement is prejudicial to Counter-Defendant and, as a result, Counter-Plaintiff's claims are barred, in whole or in part, under the equitable doctrines of estoppel and laches.

### RESPONSE TO PLAINTIFF'S REQUEST FOR RELIEF

Counter-Defendant denies that Counter-Plaintiff is entitled to any of the relief they seek in their complaint.

**WHEREFORE**, Cape Life Brand Company, LLC respectfully requests that this Court enter judgment in its favor, dismiss Cape Life Gifts, Inc. Counterclaims with prejudice, award Cape Life Brand Company its costs (including reasonable attorney fees) and grant Cape Life Brand such other relief as requested in its Complaint, as the law, equity, and justice require.

Respectfully submitted,

\_\_\_/s/ Julie Tolek_____

Date: October 5, 2021

Julie Tolek, Esq.
BBO No. 688697
CALDWELL INTELLECTUAL PROPERTY LAW, LLC
200 Clarendon Street, 59th Floor
Boston, MA. 02116
(617) 577-3963
docketing@caldwellip.com
Julie@caldwellip.com

## CERTIFICATE OF SERVICE

I certify on October 5, 2021 that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail on the date of electronic filing.

/s/ Julie Tolek<br>
Julie Tolek, Esq